IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| **MARLYS SELL,** | ) | |
| | ) | |
| Plaintiff, | ) | CV 09-135-BLG-RFC-CSO |
| | ) | |
| vs. | ) | |
| | ) | **ORDER DENYING MOTION** |
| **AMERICAN FAMILY** | ) | **FOR PROTECTIVE ORDER** |
| **MUTUAL INSURANCE** | ) | **WITH LEAVE TO RENEW** |
| **COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*********************************************************************

## I. Introduction

On August 25, 2010, Defendant American Family Mutual Insurance Company ("American Family") filed an Unopposed Motion for Protective Order. The Court's preference is to approve a stipulated protective order to facilitate the exchange of discovery. But, if the required showings have not been made, even a stipulated order may not protect documents from later disclosure. Based on the following authorities, the Court will deny the motion with leave to renew.

1

## II. Applicable Legal Standards

Rule 26(c)(1), Fed. R. Civ. P., states that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Subsection (c)(1)(G) specifically allows the protection of trade secrets or other confidential information, but this is subject to the requirement of showing good cause. Trial courts have broad discretion in determining what constitutes good cause, whether good cause exists, and, if it does exist, what protection is appropriate. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("broad discretion [is conferred] on the trial court to decide when a protective order is appropriate and what degree of protection is required").

The Ninth Circuit has held that two levels of review apply to determine whether a protective order is appropriate. First, the public is permitted "access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to

the contrary, presumptively public.  Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown") (quoting *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)).

"A party who has never made a 'good cause' showing under Rule 26(c) justifying initial protection of disputed documents may not rely solely on the protective order to justify refusal when there is a reasonable request for disclosure."  *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 (N.D. Cal. 2005) (quoting *Verizon California, Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 214 F.R.D. 583, 586 (C.D. Cal. 2003)(citations omitted)); *see also Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 812, 815 (C.D.Cal. 2007) (holding that "In any stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the information described ...."); *Best v. BNSF Ry. Co.*, 2007 WL 2005577 at *2 (E.D.Wash. July 9, 2007) (refusing to grant a motion for a stipulated protective order, stating: "Given both the public's common law right to access and the public's First Amendment right of access to court proceedings and documents, the Court declines

to exercise its discretion to enter a protective order in this case which would require documents to be filed under seal without a proper showing of good cause").

The second level of review concerns documents filed in connection with dispositive motions. To protect such documents, a party must go beyond the "good cause" standard and show "compelling reasons" for sealing. *Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106 (9th Cir. 2009). Where access to judicial case files is at issue, there exists a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 598 n.7 (1978)). Thus, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit explained this ruling as follows:

> Different interests are at stake with the right of access [to court records] than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public

>is entitled to access by default. *See Nixon,* 435 U.S. at 597, 98 S.Ct. 1306. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record. Thus a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Kamakana*, 447 F.3d at 1180.

To overcome this "strong presumption" favoring access, a party seeking to seal a judicial record must meet the "compelling reasons" standard. *Id*. This standard requires the party to "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id*. at 1178-79 (citations omitted). It is reversible error for a court to issue an order sealing documents connected with dispositive motions without considering the compelling reasons standard. *Pintos*, 565 F.3d at 1115-17.

### III. <u>Analysis</u>

Here, the parties state in their proposed stipulated protective order that the protective order will apply to "all written materials American Family ... produces in response to Plaintiff's Discovery

Requests which have been, in good faith, declared confidential by American Family." *Court Doc. 35 at 1*. The documents are not further described and no basis for the protective order is suggested. While the Court does not question the good faith of the parties, there is no showing that good cause exists for protecting the documents to be produced.

The law requires that the parties "demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Ewalefo v. R.J. Reynolds Tobacco Co.*, 2008 WL 4660140 at *2 (D. Nev. Oct. 20, 2008) (quoting *Foltz*, 331 F.3d at 1131). The Court has a duty independently to determine if "good cause" exists and it cannot do so based on the sparse information provided. *See Makar-Wellbon v. Sony Electronics, Inc.*, 187 F.R.D. 576, 577 (E.D.Wis. 1999). In *Makar-Wellbon*, the court, quoting *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994), held: "In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists ... not necessarily ... on a document-by-document basis."

Finally, the Court is concerned with the provisions in paragraph VII of the proposed order which could be used to protect documents filed with the Court in connection with dispositive motions. As discussed above, the parties must meet he heightened "compelling reasons" standard to seal these documents.

## IV.  Conclusion

Despite the parties' stipulation, it would be error for the Court to issue the protective order as written. The parties are invited to file a motion and submit a proposed protective order that incorporates the legal standards set forth above.

Based on the foregoing,

**IT IS ORDERED** that the Unopposed Motion for Protective Order (*Court Doc. 35*) is DENIED with leave to renew.

DATED this 26th day of August, 2010.

/s/ Carolyn S. Ostby
United States Magistrate Judge