**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| **MARLYS SELL,** | ) **CV-09-135-BLG-RFC** |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **ORDER ADOPTING FINDINGS** |
| | ) **AND RECOMMENDATIONS OF** |
| **AMERICAN FAMILY MUTUAL** | ) **U.S. MAGISTRATE JUDGE** |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

United States Magistrate Judge Carolyn Ostby has entered Findings and

Recommendation (*Doc. 55*) on two motions for summary judgment filed by

Plaintiff Marlys Sell in this UTPA action: (1) a Motion for Partial Summary

Judgment regarding Defendant's Per Se Violations of Subsections (6) and (13) of

§ 33-18-201, MCA (*Doc. 42*); and (2) a Motion for Partial Summary Judgment to

Strike the Defendant's Sixth Affirmative Defense and Apply the Doctrine of

Collateral Estoppel to the Underlying Judgment (*Doc. 45*).

Defendant American Family Mutual Insurance Company ("American

Family") has filed timely, novel objections (*Doc. 56*) that require this Court to

make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). After reviewing the facts and the applicable law, the Court concludes Magistrate Judge Ostby's Findings and Recommendations, being well-grounded in law and fact, are adopted in their entirety. American Family's Objections are overruled.

Objections 1 through 4 relate to Magistrate Judge Ostby's conclusion that a claim for advance payment of medical expenses had been made to American Family by January 9, 2006 and that American Family violated the UTPA my not paying those expenses absent a settlement and release. First, American Family reasserts the argument made to Judge Ostby, that since Sell's attorney testified at deposition that he did not make a "Ridley demand" on American Family, no Ridley claim had been made. Similarly, American Family argues there was no Ridley claim because the demand for payment came from Sell's medical provider. Third, American Family implies that Judge Ostby ruled that a claimant must use the word "Ridley" to make a Ridley claim. Fourth, American Family claims error in Judge Ostby's statement that Sell had no reason to further document the relationship between the accident and her injuries once American Family denied Ridley payments without a settlement and release.

Regardless, Montana law requires an insured to pay an injured third party's medical expenses prior to final settlement, when liability for those expenses is

2

reasonably clear. *Ridley v. Guaranty Nat. Ins. Co.,* 951 P.2d 987, 992 (Mont.

1997). American Family's own records reveal liability was 100% clear, yet it

refused to make "advance payments" until a final settlement was released. Judge

Ostby did not err in concluding that American Family violated Mont. Code Ann.

§§ 33-18-201(6) & (13) by refusing to make medical payments absent a final

settlement and release. With respect to Objection 4, any "fact findings" or

"inferences" made with respect to Sell's need for further documentation is

irrelevant considering the claim was denied solely on the grounds that no

settlement and release had yet been effected.

Objection 5 claims error in Magistrate Judge Ostby's failure to consider

whether the release contained in the underlying settlement agreement, *see Ex. 1 to

Doc. 23 p. 3,* renders the underlying tortfeasor and its assignee Sell without

damages and therefore without standing to pursue a first party UTPA claim.

American Family argues the "lynchpin" of *McClellan,* the case cited by Judge

Ostby in holding that the covenant not to sue does not preclude the assigned first

party UTPA claim, is that such a covenant does not eliminate the underlying tort

liability and a breach of contract action remains if the injured party seeks to collect

her judgment. *See McClellan v. Atchison Ins. Agency, Inc.,* 912 P.2d 559, 564

(Hawaii App. 1996). The lynchpin of *McClellan,* however, is that a judgment has

3

intangible harms, such as damage to credit and reputation, which are sufficient to constitute damages. *Id.* Objection 5 is therefore overruled.

American Family's Objections 6 and 7 are overruled for the same reason. As noted by Magistrate Judge Ostby, a review of the settlement agreement and stipulated judgment reveals the parties intended to preserve the bad faith claim against American Family, while protecting the underlying tortfeasor, and the most persuasive authorities regard such assignments as a valuable means of protecting the insured and compensating the injured party. *Doc. 55, pp. 28-30.*

In Objection 8, American Family objects to Judge Ostby's conclusion that American Family was in privity with its insured in the underlying action sufficient to establish the third element of collateral estoppel. Specifically, even though American Family did not argue to Judge Ostby that it lacked privity in the underlying action, *Doc. 55 p. 34*, American Family objects to Judge Ostby's conclusion that American Family had an interest in the underlying action because American Family provided the tortfeasor with an attorney. Although American Family correctly notes that the insured, rather than the insurer, is the client of an attorney hired by the insurer, *In re Rules of Professional Conduct*, 2 P.2d 806 (Mont. 2000), Judge Ostby correctly relied on the Montana Supreme Court's express holding that an insurer is in privity with its insured. *Aetna Life and Cas. Ins. Co. v. Johnson*, 673 P.2d 1277, 1281 (Mont. 1984).

4

Objection 9 relates to Judge Ostby's conclusion that American Family is bound to the $250,000 judgment in state court regarding the amount of damages in excess of the insurance policy limits. American Family claims Judge Ostby bound it to the underlying judgment based on "policy considerations which lean in favor of finalizing litigation." But a review of the Findings and Recommendations reveals that what American Family refers to as a "policy consideration," is the well-established doctrine of collateral estoppel. Since this Court agrees that each of the four elements of collateral estoppel are satisfied, Objection 9 is also overruled.

Finally, American Family objects to Judge Ostby's implication that it tried to excuse its conduct by claiming that it ultimately paid. Even assuming Judge Ostby mischaracterized American Family's argument, the record is clear that American Family violated Mont. Code Ann. § 33-18-201(6) & (13) by sending three letters refusing to pay Sell's medical expenses without a settlement and release.

Accordingly, the Findings and Recommendations being well-grounded in law and fact, **IT IS HEREBY ORDERED** as follows:

(1) Sell's Motion for Partial Summary Judgment Regarding Defendant's Per Se Violations of Subsections (6) and (13) of § 33-18-201, MCA, (*Doc. 42*) is **GRANTED**; and

(2) Sell's Motion for Summary Judgment to Strike the Defendant's Sixth Affirmative Defense and Apply the Doctrine of Collateral Estoppel to

5

the Underlying Judgment (*Doc. 45*) is **GRANTED** as set forth in the Findings and Recomendations.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the _____ day of March, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE