IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| MARLYS SELL, | ) | CV-09-135-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Marlys Sell alleges claims for violations of Montana's Unfair Trade Practices Act ("UTPA"), Mont. Code Ann. §§ 33-18-201 & 242, against Defendant American Family Mutual Insurance Company. The claims arise out of American Family's handling of an automobile insurance claim Sell filed against Matthew D'Hont, an American Family policyholder. This Court has already ruled that (1) American Family violated §§ 33-18-201(6) & (13) of the UTPA and

1

*Ridley v. Guaranty National Ins. Co.,* 951 P.2d 987 (Mont. 1997)[1] by refusing to pay Sell's medical bills without a final settlement and release and (2) American Family is bound by the state court judgment as to the amount of damages in excess of D'Hont's insurance policy limits. *Docs. 55 & 57.* The case is set for trial on August 1, 2011.

Pending before the Court is Sell's Motion in Limine (*doc. 62*), through which she seeks an Order preventing American family from (1) presenting any evidence relating to the *Ridley v. Guarantee National* standard, (2) presenting evidence that its insured, Matthew D'Hont was not damaged by American Family's handling of Sell's claim, and (3) offering the testimony of its expert witnesses Gary Zadick and J. Kenneth Lind. American Family opposes the motion.

Sell first argues that since this Court has ruled as a matter of law that American Family violated *Ridley* when it refused to pay Sell's medical bills without a release, evidence relating to American Family's *Ridley* violations is irrelevant. Sell further argues it is well-established that ignorance of the law is not a defense and that American Family should therefore be precluded from defending its handling of her claim by arguing it was unaware of *Ridley*.

---

[1] Holding that §§ 33-18-201(6) & (13) of the UTPA require an insurer to pay an injured third-party's medical expenses prior to final settlement if liability for those expenses has become "reasonably clear."

2

American Family responds that Sell's motion is premature because Sell has not yet proved any damages occasioned by a *Ridley* violation, and that the Court should be able to determine what evidence is relevant to counteract that evidence during trial. American Family makes clear that it will govern its case consistent with the Court's prior rulings and will not try to suggest that the jury should review the Court's prior rulings. Finally, American Family asserts that it expects Sell to put on evidence of malice in order to recover punitive damages and that evidence of its state of mind, including whether it was aware of the *Ridley* rule, is relevant to refute evidence of malice, citing *Sunburst School Dist. No. 2 v Texaco, Inc.,* 165 P.3d 1079 (Mont. 2007).

American Family is correct that under *Sunburst School Dist,* evidence it was unaware of *Ridley* could be relevant to its defense of a punitive damages claim. Moreover, the Court will hold American Family to its assertion that it will not try to reargue to the jury the aspects of the case that have already been decided and that it will govern its case consistent with the law of this case. Accordingly, this aspect of Sell's motion is denied.

Second, Sell argues American Family should be precluded *in limine* from arguing that D'Hont, and therefore Sell, suffered no damages from its handling of the auto insurance claim. In support, Sell cites this Court's holding that the stipulated judgment entered against D'Hont in the underlying personal injury

lawsuit caused him sufficient damages to confer standing to bring a UTPA claim–subsequently assigned to Sell–against American Family. Sell claims it is the law of this case that D'Hont was damaged and that American Family should be precluded from arguing otherwise.

American Family responds that the ruling that Sell–through D'Hont–had standing because the entry of a judgment against him constitutes damages, was not a ruling that American Family caused him damages and that denying it the ability to put on evidence counteracting damage claims would deny it due process.

In the Court's view that the stipulated judgment conferred standing to bring a UTPA claim says nothing about the amount of damages D'Hont suffered from American Family's handling of the claim. As the Court understands the case, the primary purpose of this trial is to determine the amount of damages suffered by Sell–either in her own right or through D'Hont–and it would be unfair to prohibit American Family from offering contrary evidence of damages.

The second portion of Sell's motion must also be denied.

Finally, Sell also moves to preclude the testimony of two Montana lawyers American Family has retained to provide expert testimony. Specifically, Gary Zadick has been retained to provide expert testimony about *Ridley* and American Family's knowledge of *Ridley* and Kenneth Lind will provide expert testimony about *Ridley*, American Family's actions relating to *Ridley,* and that D'Hont

4

suffered no damages as a result of American Family's handling of the claim. Sell argues that since the Court has already found a *Ridley* violation as a matter of law, expert testimony regarding American Family's compliance with *Ridley* is irrelevant. Moreover, since ignorance of the law is no excuse, Sell argues expert testimony concerning American Family's knowledge of *Ridley* is also irrelevant. Finally, Sell again argues that Lind should be precluded from testifying that D'Hont suffered no damages from American Family's handling of the claim due to this Court's ruling that the stipulated judgment caused sufficient damage to afford him standing to bring the UTPA claim that was subsequently assigned to Sell.

As stated above, American Family's knowledge of and compliance with *Ridley* could be relevant to counteract evidence of malice. Further, American Family will not be precluded *in limine* from counteracting D'Hont's claimed damages. Accordingly, this portion of Sell's motion must also be denied.

While Sell may have valid arguments as to some of American Family's evidence and expert testimony, they are better addressed in the context of the trial.

**IT IS HEREBY ORDERED** that Sell's Motion In Limine (*doc. 62*) is **DENIED**.

Dated this 13th day of July, 2011.

                                                            */s/ Richard F. Cebull*_____
                                                            Richard F. Cebull
                                                            United States District Judge